## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY L. FENLEY, individually and on behalf of all persons similarly situated,** | : | **Civil Action No.:** |
| | : | |
| | : | **Complaint— Class and Collective Action** |
| **Plaintiff,** | : | |
| | : | **Jury Trial Demanded** |
| **v.** | : | |
| | : | **ELECTRONICALLY FILED** |
| **APPLIED CONSULTANTS, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Tommy L. Fenley ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendant Applied Consultants, Inc. ("Defendant" or "Applied Consultants") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Pennsylvania state law.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiffs' and Class Members claims occurred within this judicial district.  Plaintiff Sizemore and other Class Members performed work in this judicial

1

district and were paid pursuant to Applied Consultant's unlawful pay policy in this judicial

district, and Applied Consultant routinely conducts business in this judicial district.

4.      Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b)(1) & (d) in that

Scientific Drilling resides in this judicial district and is subject to personal jurisdiction in this

judicial district.

## PARTIES

5.      Plaintiff Tommy L. Fenley was employed by Defendant as a Welding Inspector in

western Pennsylvania between approximately April 2013 and August 2013, and pursuant to 29

U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.  *See* Exhibit A.

6.      Defendant Applied Consultants, Inc. ("Defendant" or "Applied Consultants") is a

servicing corporation providing pipeline inspections to oil and gas companies throughout the

United States, including in this District.  Applied Consultants is a subsidiary of Applied-

Cleveland Holdings, Inc.

7.      Applied Consultants is incorporated in Texas and maintains its corporate

headquarters in Longview, Texas.

8.      Applied Consultants employed Plaintiff and continues to employ similarly

situated employees.

9.      Applied Consultants employs individuals engaged in commerce or in the

production of goods for commerce and/or handling, selling, or otherwise working on goods or

materials that have been moved in or produced in commerce by any person, as required by 29

U.S.C. §§ 206-207.

10.     Applied Consultants' annual gross volume of business exceeds $500,000.

11.     Applied Consultants is not an independently owned and controlled local

enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

12.     Plaintiff brings this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a

collective action on behalf of himself and the following class of potential opt-in litigants:

> All current or former employees of Applied Consultants, Inc. ("Applied
> Consultants") who performed work in the United States at any time between
> February 25, 2012 and the present, who were paid pursuant to a daily rate
> compensation system (the "FLSA Class").

13.     Plaintiff brings this lawsuit for Counts II and III as a class action pursuant to FED.

R. CIV. P. 23, on behalf of himself and the following class:

> All current or former employees of Applied Consultants, Inc. ("Applied
> Consultants") who performed work in Pennsylvania at any time between February
> 25, 2011 [1] and the present, who were paid pursuant to a daily rate compensation
> system (the "Pennsylvania Class").

14.     The FLSA Class and the Pennsylvania Class are together referred to as the

"Classes."

15.     Plaintiff reserves the right to redefine the Classes prior to notice or class

certification, and thereafter, as necessary.

## FACTS

16.     Applied Consultants employs inspectors, such as Plaintiff, who perform a variety

of inspection services on oil and gas pipelines for energy, public utility and pipeline companies

in this judicial district and throughout the United States.

17.     Applied Consultants' financial results are driven by the number of inspectors

performing services for Applied Consultants' customers and the fees that Applied Consultants

charges the customers for these services.

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim is four years.  Therefore,
employees may be members of the Pennsylvania Class if they were employed on or after
February 25, 2011, for at least one of the Claims alleged on behalf of the Pennsylvania Class.

18.     Applied Consultants charges its inspectors' services out to Applied Consultants' customers on a per project basis, including *per diem* charges for the inspectors, their mileage and other reimbursement items.

19.     From April 2013 through August 2013, Plaintiff was employed as a non-exempt Welding Inspector with Applied Consultants, performing and reviewing welding inspections on gas pipelines.

20.     Applied Consultants employed Plaintiff to inspect welding on a pipeline in and around Western Pennsylvania that stretched into West Virginia.

21.     Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiff observed other members of the Classes performing the same or substantially similar job duties.

22.     Plaintiff and the FLSA Class members are blue collar workers who are primarily engaged in manual labor duties.

23.     Plaintiff's work required the utilization of techniques and procedure obtained primarily from industry manuals, standards and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other members of the Classes utilizing similar techniques and procedures in the performance of their jobs.

24.     Plaintiff worked within the closely prescribed limits provided by Applied Consultants.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other members of the Classes working in the same or substantially similar manner.

25.     Applied Consultants has a policy or practice of failing to compensate Plaintiff and the Classes for all overtime hours worked.

26.     Applied Consultants paid Plaintiff and the Classes pursuant to its daily rate

compensation system that did not take into account the hours worked in a workweek or overtime hours.  Specifically, Applied Consultants paid Plaintiff and the Classes a specific set amount per each day that they worked.

27.     Applied Consultants does not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

28.     Plaintiff routinely worked up to seven (7) days per week and more than ten (10) hours per day.  Plaintiff observed that the members of the Classes routinely worked similar schedules.

29.     Applied Consultants did not pay Plaintiff and the Classes any compensation for hours worked over forty (40) per workweek.

30.     In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar daily rate compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).  Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA.  Applied Consultants, however, has not done so.

31.     As a subsidiary of Applied-Cleveland Holdings, Inc., which services the oil and gas industry throughout the United States, there is no question that Applied Consultants has access to human resource expertise and legal counsel who can advise Applied Consultants on its FLSA compliance obligations.

32.     Applied Consultants has acted willfully and/or with reckless disregard of the applicable FLSA and Pennsylvania state law provisions, by failing to properly compensate

Plaintiff and the Classes for hours worked in excess of forty (40) during the workweek.

33.     Moreover, during the entire relevant time period, Applied Consultants was aware that the Classes were not properly compensated under the FLSA and Pennsylvania state law, because the Class members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week but were not receiving overtime compensation.

34.     Furthermore, Applied Consultants failed to properly track, monitor or record the actual number of hours per day that the FLSA Class members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

36.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

37.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Applied Consultants' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Applied Consultants' common compensation, timekeeping and payroll practices.

38.     Specifically, Applied Consultants paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required

by federal law.

39.     The similarly situated employees are known to Applied Consultants, are readily

identifiable, and may be located through Applied Consultants' records and the records of any

payroll companies that Applied Consultants utilizes.  Applied Consultants employs many FLSA

Class Members throughout the United States.  These similarly situated employees may be readily

notified of this action through direct U.S. mail and/or other appropriate means, and allowed to

opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their

claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys'

fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on

behalf of himself and the Pennsylvania Class defined above.

41.     The members of the Pennsylvania Class are so numerous that joinder of all

members is impracticable.  Upon information and belief, there are more than forty (40) members

of the Pennsylvania Class.

42.     Plaintiff will fairly and adequately represent and protect the interests of the

Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the

Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class.

Plaintiff's counsel are competent and experienced in litigating class actions and other complex

litigation matters, including wage and hour cases like this one.

43.     There are questions of law and fact common to the proposed Pennsylvania Class,

which predominate over any questions affecting only individual Class members, including,

without limitation: whether Applied Consultants has violated and continues to violate

Pennsylvania law through its policy or practice of not paying its day rate employees overtime compensation.

44.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation:  (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

45.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

46.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Pennsylvania Class is readily identifiable from Applied Consultants' own employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish

8

incompatible standards of conduct for Applied Consultants.

47.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Applied Consultants.

48.     Without a class action, Applied Consultants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of the FLSA Class)**

49.     All previous paragraphs are incorporated as though fully set forth herein.

50.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

51.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek.  *See* 29 C.F.R. § 778.112.

52.     Applied Consultants' compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

53.     Applied Consultants knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

54.      During all relevant times, Plaintiff and the FLSA Class were covered employees

entitled to the above-described FLSA protections.

55.      In violating the FLSA, Applied Consultants acted willfully and with reckless

disregard of clearly applicable FLSA provisions.

### COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of the Pennsylvania Class)

56.      All previous paragraphs are incorporated as though fully set forth herein.

57.      The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered

employees be compensated for all hours worked in excess of forty (40) hours per week at a rate

not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 43 P.S.

§ 333.104(c) and 34 PA. CODE § 231.41.

58.      The PMWA provides that, if an employee is paid a flat sum for a day's work, and

if he receives no other form of compensation for services, the employee is entitled to extra half-

time pay at his regular rate for all hours worked in excess of forty (40) in the workweek.  *See* 34

PA. CODE § 231.43(b).

59.      Applied Consultants is subject to the overtime requirements of the PMWA

because Applied Consultants is an employer under 43 P.S. § 333.103(g).

60.      During all relevant times, Plaintiff and the Pennsylvania Class were covered

employees entitled to the above-described PMWA's protections.  *See* 43 P.S. § 333.103(h).

61.      Applied Consultants' compensation scheme that is applicable to Plaintiff and the

Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c) or 34 PA. CODE §

231.43(b).

62.      Applied Consultants knowingly failed to compensate Plaintiff and the

Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

63.     Pursuant 43 P.S. § 333.113, employers, such as Applied Consultants, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

64.     In violating the PMWA, Applied Consultants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
## Unjust Enrichment
## (On Behalf of the Pennsylvania Class)

65.     All previous paragraphs are incorporated as though fully set forth herein.

66.     Applied Consultants has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

67.     At all relevant times hereto, Applied Consultants devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

68.     Contrary to all good faith and fair dealing, Applied Consultants induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

69.     By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Applied Consultants enjoyed reduced overhead with respect to its labor costs, and therefore realized

additional earnings and profits to its own benefit and to the detriment of Plaintiff and the

Pennsylvania Class.  Applied Consultants retained and continues to retain such benefits contrary

to the fundamental principles of justice, equity, and good conscience.

70.     Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an

amount equal to the benefits unjustly retained by Applied Consultants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

the following relief:

A.     An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

D.     Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.     Liquidated damages to the fullest extent permitted under the law;

F.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  February 25, 2015

Respectfully submitted,

BERGER & MONTAGUE, P.C.


/s/ Shanon J. Carson
Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Koropey (PA 315240)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
akoropey@bm.net

*Attorneys for Plaintiff*