# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TOMMY L. FENLEY, individually and on behalf of all others similarly situated,** | Civil Action No. 2:15-CV-00259-MRH |
| **Plaintiff,** | Judge Mark R. Hornak |
| v. | |
| **APPLIED CONSULTANTS, INC.,** | |
| **Defendant.** | |

## SETTLEMENT AGREEMENT

Plaintiff Tommy Fenley ("Fenley") and Defendant Applied Consultants, Inc. ("Applied") hereby agree to the following binding settlement of the putative class and collective action lawsuit captioned *Fenley v. Applied Consultants, Inc.,* No. 2:15-CV-00259 (W.D. Pa.).

1. Applied contends that if this case were to be litigated, both class certification under Rule 23 of the Federal Rules of Civil Procedure and collective action treatment under the Fair Labor Standards Act ("FLSA") would be inappropriate. For settlement purposes only, however, Applied will stipulate: (a) that Fenley may amend his complaint to additionally allege a multi-state Rule 23 settlement class premised on unjust enrichment claims; and (b) that a Rule 23 settlement class may be certified and defined as follows:

> all employees who have worked for Applied in a job paid on a daily rate basis in any workweeks between February 25, 2012 and the date of preliminary approval, except for individuals who held only jobs with titles of "Project Manager" or containing the word "Chief"; "Administrative"; or "Office" (the "Class" or "Class Members").

2. Fenley and Applied agree that certification of this Class under Rule 23(e) for settlement purposes is not an admission by Applied that either class certification or FLSA collective action treatment is proper and further agree that evidence of this limited stipulation for settlement purposes only will not be admissible for any reason except to obtain approval of or to enforce this Settlement Agreement. Further, if this settlement is not approved by the Court, then Fenley and Applied agree that each shall return to their respective positions on the day before this Settlement Agreement was executed and that the amended complaint, permitted under Paragraph 1 of this Settlement Agreement only for purposes of settlement, shall be withdrawn and replaced by the original complaint.

3. This lawsuit is settled for Nine Million, Two Hundred and Fifty Thousand Dollars ($9,250,000.00). This sum (the "Gross Settlement Amount") includes: (a) Class Counsel's

attorneys' fees in an amount not to exceed one-third of the Gross Settlement Amount; (b) Class Counsel's costs as approved by the Court which currently are anticipated not to exceed $25,000; (c) service awards in amounts up to $10,000 for Plaintiff Tommy Fenley and up to $5,000 each for Opt-In Plaintiffs Jeff Fenley and Wayne Applegate (the "Opt-Ins"); (d) all costs and fees of the independent Settlement Administrator; and (e) Applied's share of payroll taxes on that part of the net settlement funds that are attributable to wages.

4. After subtracting the amounts itemized in Paragraph 3(a) through (e) from the Gross Settlement Amount, the balance of the funds ("Net Settlement Amount") shall be apportioned among all eligible Class Members (*i.e.*, all Class Members who do not exclude themselves from the settlement by timely opting out) under a formula determined by Class Counsel (Berger & Montague, P.C.) based on weeks worked in the Class covered period by each Class Member. Where that formula relies on data concerning Class Members' employment, those facts will conclusively be determined by Applied's personnel data; likewise, inclusion in the Settlement Class shall also be determined by Applied's personnel data. That formula shall be detailed in Class Counsel's motion for preliminary approval and shall be subject to the Court's approval. Separately, Class Counsel shall select an independent third party to serve as Settlement Administrator for the purpose of administering notice to the Class Members, calculating each Class Member's share of the Net Settlement Amount, and issuing checks to distribute the Gross Settlement Amount.

5. Forty percent (40%) of each Class Member's settlement share shall be treated as back wages so the Settlement Administrator shall effectuate federal and applicable state income and other employment tax withholding as required by law with respect to that 40%; the Settlement Administrator shall pay all required withholding taxes and other payroll taxes (including unemployment insurance taxes) to the appropriate governmental authorities. The remaining 60% of each settlement share shall be treated as non-wage interest and/or damages or liquidated damages, shall be reported on an IRS Form 1099, and shall not be subject to withholding taxes. Applied shall provide the Settlement Administrator information as necessary to accomplish this tax withholding and reporting. Notwithstanding the treatment of the settlement amounts above, none of the payments, including the wages portion, will be treated as earnings or wages under any benefit or retirement plans. Finally, Class Counsel will be issued an IRS Form 1099 from the Settlement Administrator for the award of attorneys' fees and costs and the individuals set forth above receiving service awards will be issued an IRS Form 1099 with respect to those awards.

6. This settlement resolves and fully releases all claims, both known and unknown, of Fenley, all existing opt-in plaintiffs, and the Settlement Class that arise out of their employment with Applied under the FLSA, state statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (*e.g.*, unjust enrichment, quantum meruit, *etc.*) concerning their compensation, hours of work, pay for those hours of work, or Applied's payroll practices through the date of the Court's Preliminary Approval Order (collectively, the "Released Claims").

7. Fenley, along with all existing opt-in plaintiffs and each Class Member, fully release Applied and all of its past and present parent companies, investors in any of those

companies, controlling persons, subsidiaries, affiliates, directors, officers, agents, attorneys, employees, and benefit plans sponsored by any such entities (collectively, the "Released Parties") for all Released Claims. In addition, Tommy L. Fenley, Jeff Fenley and Wayne Applegate also hereby grant a general release to the Released Parties as additional consideration for their service awards.

8. Within ten (10) business days after the Preliminary Approval Order, Applied will provide the Settlement Administrator with a list setting forth for all Class Members their names, last known addresses, last known telephone numbers, last known email addresses, and social security numbers. Each Class Member will be fully advised of this class action settlement with the Notice of Settlement attached hereto as Exhibit A ("Notice of Settlement"), to be sent to all Class Members by the Settlement Administrator by U.S. mail and email within twenty (20) business days following the Preliminary Approval Order. In order to provide the best notice practicable, before mailing the Notice of Settlement, the Settlement Administrator will run the list of Class Members through the U.S. Postal Service's National Change of Address database ("NCOA"). Each Class Member may choose to opt out of the settlement by requesting exclusion in accordance with the procedures set forth in the Notice of Settlement. Each will have forty-five (45) days from the initial mailing of the Notice of Settlement to submit written requests to the Settlement Administrator for exclusion or, alternatively, to submit objections to the settlement. Exclusions or objections must be submitted by either first class mail, email, or by overnight courier. The Settlement Administrator shall use reasonable devices to obtain forwarding addresses after the initial mailing and will resend notices to those forwarding addresses. The timeliness of objections and requests for exclusion will be determined by their receipt by the Settlement Administrator.

9. If more than five percent (5%) of Class Members timely opt out of this settlement, Applied -- at its sole option -- may withdraw from and nullify this settlement. Within five (5) business days after the close of the time for Class Members to opt-out, the Settlement Administrator will notify Applied's counsel and Class Counsel by telephone and by email of the number of Class Members who were mailed the Notice of Settlement; the number who opted out; the number who objected; and the number who were unable to be contacted (and shall provide counsel for all parties with copies of all objections and requests for exclusion). If the 5% threshold for opt outs has been reached, Applied shall have five (5) business days thereafter to notify Class Counsel of its decision to exercise its option to nullify this Settlement Agreement.

10. The Settlement Administrator will establish a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Code for the purpose of administering the settlement funds. Applied will fund the settlement by depositing the Gross Settlement Amount into the QSF within ten (10) business days after the expiration of the time to file appeals concerning the final approval of the settlement, or within ten (10) business days after the resolution of any filed appeals, whichever date is later.

11. All Class Members, except those who choose to opt out, will receive a check from the QSF as soon as practicable following the Settlement Administrator's receipt of the Gross Settlement Fund. Each settlement check will contain the following limited endorsement, placed

on the back of the check by the Settlement Administrator, to satisfy any applicable procedural protocols under the FLSA:

> By signing, depositing, and/or cashing this check, I hereby consent to opt in to the collective action in *Fenley v. Applied Consultants, Inc.,* No. 2:15-CV-00259-MRH (W.D. Pa.) as a party plaintiff pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"). I further agree to release Applied Consultants, Inc. ("Applied") and all Released Parties from all claims, both known and unknown, that arise out of my employment with Applied under the FLSA, state statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (e.g., unjust enrichment, quantum meruit, etc.) concerning my compensation, hours of work, pay for those hours of work, or Applied's payroll practices through [the date of the Court's Preliminary Approval Order].

12. Class Members will only release the Released Parties from the Released Claims upon signing, depositing, and/or cashing their settlement checks. All settlement checks will remain negotiable for 180 days from the date they are issued, and shall be accompanied by the cover letter attached hereto as Exhibit B when they are sent to eligible Class Members by the Settlement Administrator. When 90 days of that 180 day check-cashing period has expired, the Settlement Administrator will mail and email a reminder attached hereto as Exhibit C to any eligible Class Members who have not yet cashed their checks to inform them of the 180 day deadline. During the last 45 days of the 180 day check-cashing period, the Settlement Administrator will call eligible Class Members who have not yet cashed their checks, following the basic script attached as Exhibit D, to inform them of the 180 day deadline. If working telephone numbers do not exist, the Settlement Administrator will use email for the same purpose. At any point in the check-cashing period, the Settlement Administrator shall have the authority to stop payment on a lost check and issue a new check to an eligible Class Member upon request. The Settlement Administrator will maintain copies of all negotiated checks and shall prepare and file a declaration with the Court at the conclusion of the 180 day check-cashing period listing the names (but, for their privacy, no other identifying information) of all Class Members who signed, deposited and/or cashed their settlement checks.

13. If one percent (1%) or less of eligible Class Members have not signed, deposited and/or cashed their settlement checks by the 180 day deadline, the amount of those uncashed checks shall be distributed to a *cy pres* recipient agreed to by the parties and set forth in the Court's Final Approval Order. If more than 1% of eligible Class Members have not signed, deposited and/or cashed their settlement checks by the 180 day deadline, then the total amount of the uncashed checks (and the corresponding withholdings and payroll taxes attributable to those uncashed checks) shall be remitted by the Settlement Administrator to Applied within ten business days after that deadline, in recognition that Applied is not receiving a release from eligible Class Members who do not sign, deposit, and/or cash their settlement checks.

14. The Settlement Administrator will allow Class Counsel access to ninety percent (90%) of Class Counsel's attorneys' fees as approved in the Court's Final Approval Order, and all of Class Counsel's Court-approved costs, as soon as possible after the Settlement

Administrator receives the Gross Settlement Amount from Applied. The remaining ten percent (10%) of Class Counsel's Court-approved attorneys' fees shall remain in the QSF and shall be paid to Class Counsel in its entirety when 97.5% of all settlement checks have been signed, deposited, and/or cashed. If at the conclusion of the 180 day check-cashing period, less than 97.5% of all settlement checks have been signed, deposited, and/or cashed, Class Counsel's attorneys' fees shall be reduced proportionately so that Class Counsel receives the same percentage of its total Court-awarded attorneys' fees as the percentage of settlement checks that are signed, deposited, and/or cashed, plus 2.5%. If Class Counsel receives less than 100% of its Court-awarded attorneys' fees pursuant to this Paragraph, then any remainder shall be returned to Applied. (For example, if 85% of settlement checks have been signed, deposited, and/or cashed by the end of the 180 day check-cashing period, then Class Counsel shall receive 87.5% of its Court-awarded attorneys' fee, and the remaining 12.5% shall be returned to Applied. However, if 97.5% or more of settlement checks have been signed, deposited, and/or cashed by the end of the 180 day check-cashing period, then Class Counsel shall receive 100% of its Court-awarded attorneys' fees, and no amount of Class Counsel's fees or costs shall be returned to Applied.)

15. The Parties and their counsel agree that they will not make any public statements about this Settlement until after the Court's Final Approval Order, and at that point, any public statements will be limited to what is in the public record and will not disclose any information protected by any Protective Order in this case. Nothing in this paragraph shall restrict Class Counsel's attorney-client communications.

16. Pursuant to the Class Action Fairness Act ("CAFA"), Applied will mail a CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member then resides within ten days of the filing of Class Counsel's motion for preliminary approval of this Settlement Agreement. Class Counsel's motion for final approval will secure not only the approval of the fairness of the settlement under Rule 23 and its reasonableness under the FLSA but also its compliance with CAFA.

17. Fenley and Applied agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. Both will use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary or ordered by the Court, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel will, with the assistance and cooperation of Applied and its counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement and to implement its terms. Neither will discourage participation in this Settlement Agreement nor encourage objections or opt-outs.

18. The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals. Further, because the Class Members are so numerous, it is impossible or impractical to have each of them execute this Settlement Agreement. The Notice of Settlement will inform all Class Members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each Class Member.

DocuSign Envelope ID: 1DC47FDE-8DF0-489F-8B04-5831743796E7

**FOR FENLEY AND THE CLASS**

_Shanon J. Carson_
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.

Dated: February 15, 2016

**TOMMY L. FENLEY**

_Tommy Fenley_
Tommy L. Fenley

2/13/2016
Dated: February __, 2016

**FOR APPLIED CONSULTANTS, INC.**

_[signature]_
Name:

_Rachel Cowen_
Rachel B. Cowen
DLA PIPER LLP (US)

Dated: February 18, 2016

Dated: February __, 2016

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMMY L. FENLEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>APPLIED CONSULTANTS, INC.,<br><br>        Defendant. | Civil Action No. 2:15-CV-00259-MRH<br><br>Judge Mark R. Hornak |

## NOTICE OF CLASS ACTION SETTLEMENT

TO:    [Class Member Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

*The Court authorized this Notice of Class Action Settlement. This is not a solicitation. This is not a lawsuit against you and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

| 1. | Why Should You Read This Notice? |
|---|---|

You received this Notice because Applied Consultants, Inc.'s ("Applied" or "Defendant") records show that you have worked for Applied in a job paid on a daily rate basis in at least one workweek between February 25, 2012 and [date of preliminary approval] ("Class Members"). Individuals who held only jobs with titles of "Project Manager" or containing the word "Chief"; "Administrative"; or "Office" are not included in the Class.

The parties to the lawsuit agreed to settle this lawsuit – which alleges that Class Members should have been paid overtime compensation – on behalf of a class of approximately [INSERT NUMBER] current and former employees of Applied. The Court has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2016 at _____, before The Honorable Mark R. Hornak of the United States District Court for the Western District of Pennsylvania, in Courtroom \_\_\_\_, 700 Grant Street, Pittsburgh, PA 15219.  **This Notice explains the terms of the settlement and your right to receive a payment under the settlement if the Court grants final approval of the settlement.**

1

| 2. | **What Are the Terms of the Settlement?** |

Under the terms of the Settlement Agreement ("Settlement Agreement"), Applied has agreed to pay Nine Million Two Hundred Fifty Thousand Dollars ($9,250,000.00) to settle the claims asserted in this lawsuit (the "Gross Settlement Amount"). Deductions from this amount will be made for (a) Class Counsel's attorneys' fees in an amount not to exceed one-third of the Gross Settlement Amount; (b) Class Counsel's costs as approved by the Court which currently are anticipated not to exceed $25,000; (c) service awards in amounts up to $10,000 for Plaintiff Tommy Fenley and up to $5,000 each for Opt-In Plaintiffs Jeff Fenley and Wayne Applegate; (d) all costs and fees of the independent Settlement Administrator which are expected not to exceed $40,000; and (e) Applied's share of payroll taxes on that part of the net settlement funds that are attributable to wages. After subtracting these amounts from the Gross Settlement Amount, the balance of the funds (the "Net Settlement Amount") shall be apportioned among all eligible Class Members.

**If the Court grants final approval to this Settlement, you will automatically receive a Settlement Award check, unless you exclude yourself from the Settlement**. The Settlement Awards will be calculated as follows:

- [INSERT FORMULA]

- Settlement Award determinations will be based on Applied's personnel and payroll records. Between [DATE] and the [date of the final approval hearing], Class Members may contact the Settlement Administrator to verify the number of workweeks on which their Settlement Award will be based.

- Forty percent (40%) of each Class Members' Settlement Award shall be treated as back wages, and sixty percent (60%) shall be treated as interest and/or liquidated damages. The portion allocated to claims for unpaid overtime and other wage-related damages will be subject to all required employee and employer-paid payroll taxes and deductions. The portion allocated to interest and liquidated damages shall be characterized as non-wage income to the recipient and you will be responsible for any applicable taxes on this portion.

By signing, depositing, or cashing your Settlement Award check, you consent to join this lawsuit and to release claims against Applied Consultants. For your convenience, the specific language of the Court-approved Settlement is as follows:

> By signing, depositing, and/or cashing this check, I hereby consent to opt in to the collective action in *Fenley v. Applied Consultants, Inc.,* No. 2:15-CV-00259-MRH (W.D. Pa.) as a party plaintiff pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"). I further agree to release Applied Consultants, Inc. ("Applied") and all Released Parties from all claims, both known and unknown, that arise out of my employment with Applied under the FLSA, state statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (e.g., unjust enrichment, quantum meruit, etc.) concerning my compensation, hours of work, pay for those hours of work, or

2

Applied's payroll practices through [the date of the Court's Preliminary Approval Order].

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 3. | **What Are My Rights?** |
|---|---|

• If you do not exclude yourself from the Settlement, then you will **automatically** receive a settlement check if the Court grants final approval to the Settlement. If you do not cash the check within 180 days from the date it is issued, you will forfeit your right to a Settlement Award and will not be bound by the Settlement.

• If you do not wish to be bound by the Settlement, and do not wish to receive a Settlement Award, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail, email, or overnight courier to the Settlement Administrator at: [INSERT SETTLEMENT ADMIN INFO]. **Any person who requests exclusion (opts out) of the Settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon**.

• If you received this Notice and wish to object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the Settlement, postmarked by [INSERT]. Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you. Any objection must be mailed to the Settlement Administrator by either first class mail, email, or by overnight courier.

| 4. | **Can Current Employees of Applied Participate In This Settlement?** |
|---|---|

Yes. If you are a current employee of Applied, your decision as to whether or not to participate in this Settlement will in no way affect your employment with Applied. In fact, Applied encourages each Class Member to participate in and to cash or deposit his or her Settlement Award check.

| 5. | **Who Are The Attorneys Representing Plaintiff And The Class?** |
|---|---|

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3033
Fax: (215) 875-4604
Email: apiazza@bm.net

| 6 | How Will The Attorneys For The Class Be Paid? |
|---|---|

You do not have to pay the attorneys who represent the Class separately. The Settlement Agreement provides that Class Counsel may receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount. Class Counsel will receive the same percentage of its total Court-awarded attorneys' fees as the percentage of settlement checks that are signed, deposited, and/or cashed, plus 2.5%. Class Counsel may also recover their out-of-pocket costs, up to $25,000.00. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court pursuant to the schedule set by the Court. The actual amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| 7. | Who May I Contact If I Have Further Questions? |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact the Settlement Administrator at the toll-free telephone number or email address listed below. Please refer to the Applied Consultants, Inc. Overtime Settlement.

<i>Applied Consultants, Inc. Overtime Settlement</i><br>
XXX<br>
[INSERT ADDRESS]<br>
[INSERT TELEPHONE NUMBER]<br>
[INSERT EMAIL]

You may also contact the attorneys representing the Plaintiffs and the Class whose contact information is set forth in Section 5, above.

This Notice only summarizes the Lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court located 700 Grant Street, Pittsburgh, PA 15219, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOMMY L. FENLEY, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br>v.<br><br>**APPLIED CONSULTANTS, INC.,**<br><br>    **Defendant.** | Civil Action No. 2:15-CV-00259-MRH<br><br>Judge Mark R. Hornak |

**SETTLEMENT AWARD CHECK IN *FENLEY V. APPLIED CONSULTANTS, INC.***

TO:    [Class Member Name]
       [Address]
       [Address]
       [Last Four Digits of Social Security No.]

You previously received a notice that you had been identified as a Class Member who is eligible to receive a Settlement Award in this case. On [DATE], the United States District Court for the Western District of Pennsylvania granted final approval of the Settlement in this case.

**Your Settlement Award check is enclosed. Please note that your check will automatically expire on _____, 2017.  Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.**

Please contact the Settlement Administrator at the contact information below or Plaintiffs' Counsel, Berger & Montague, P.C., at (215) 875-3033 or apiazza@bm.net with any questions or concerns.  Thank you.

*Applied Consultants, Inc. Overtime Settlement*
XXX
[INSERT ADDRESS]
[INSERT TELEPHONE NUMBER]
[INSERT EMAIL]

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOMMY L. FENLEY, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br>   v.<br><br>**APPLIED CONSULTANTS, INC.,**<br><br>    **Defendant.** | Civil Action No. 2:15-CV-00259-MRH<br><br>Judge Mark R. Hornak |

### REMINDER: 90 DAYS UNTIL CHECK CASHING DEADLINE

TO:   [Class Member Name]
      [Address]
      [Address]
      [Last Four Digits of Social Security No.]


You were sent a check for the settlement of this case on DATE. The Settlement Administrator's records indicate that you have not yet cashed or deposited that check.

**This Reminder is to let you know that your check will automatically expire on _____, 2017**.

All parties to this case encourage you to cash or deposit your check as soon as possible. If you are unable to locate your check, need a replacement check, or have any other questions, please contact the Settlement Administrator by using the contact information below or contact Plaintiffs' counsel, Berger & Montague, P.C., at (215) 875-3033 or apiazza@bm.net.

*Applied Consultants, Inc. Overtime Settlement*
XXX
[INSERT ADDRESS]
[INSERT TELEPHONE NUMBER]
[INSERT EMAIL]

# EXHIBIT D

## SCRIPT: 45 DAYS UNTIL CHECK CASHING DEADLINE

**Telephone Script if the Class Member Answers:**

Hello, my name is _____, and I work for [Settlement Administrator]. Our records indicate that you have not yet cashed or deposited the check that was issued to you as part of the Settlement in the case captioned *Fenley v. Applied Consultants, Inc.* The check was mailed to the address that we have on file on _____, 2016.

Have you received the check in the mail?

**If yes**: Applied and the Plaintiffs encourage you to cash your check as soon as possible. You must cash or deposit the check prior to the deadline of _____, 2017, or it will become void and you will no longer be able to cash or deposit your check. Thank you and have a good day.

**If no**: Would you like for us to stop payment on that check and issue a replacement check to you?
    **If yes**: To what address would you like the check to be sent? [Answer.] Thank you.
    **If no**: Thank you.

**Telephone Script for Messages (voicemail or otherwise):**

Hello. This message is for [Name of Class Member]. My name is _____, and I work for [Settlement Administrator]. Our records indicate that you have not cashed or deposited the check that was issued to you as part of the Settlement in the case captioned *Fenley v. Applied Consultants, Inc.* for unpaid overtime compensation. Your check must be cashed by [DATE]. If you have not received the check; if you have lost it and would like a replacement to be sent to you; or if you have any questions, please call [Settlement Administrator Telephone Number]. Thank you.